Pratt, J.
It may well be that- had this action been brought and tried upon the theory that was argued for appellant at general term, a different result would have been obtained.
There is much reason to believe that the undertaking of plaintiff was to sell the Binghampton Oil Refining Oompany to the Standard Oil Company, and that the written agreement was the method adopted to fix the price below which the sale should not be made, and that whatever sum was realized above that sum was to be the compensa *350 tion of plaintiff for bringing about the sale. And the evidence is consistent with the idea that when it became probable that the sale would be effected, defendants, to avoid carrying out their contract with plaintiff, offered the property to the expected purchasers at a price such that the profits that would have resulted to plaintiff from the sale as originally projected were divided between the vendors and vendees, to the exclusion of the middle men.
But the action was not brought upon that theory. The complaint counts upon a contract for sale which was in writing. The rule of law that antecedent conversations are merged in the written contract, was strictly applied with the result of excluding all the discussions preliminary to the written contract.
To add to the difficulties of the plaintiff, the written contract specifies no time within which it is to be performed, and we are not able to say that any error was committed at special term when the ruling was made that defendants were at liberty to withdraw from the contract at any time before acceptance.
It is to be observed that no claim is made in the complaint that the written agreement does not state the whole contract; no prayer is made to have it reformed; no intimation is made that plaintiff has any rights except such as flowed from that agreement.
For plaintiff to recover upon an agreement that he should sell the Binghampton Company to the Standard Company for a compensation, would require the complaint to be amended by alleging an entirely new cause of action.
No such amendment was madé or asked.
Finally, we find no error of law committed, and, unless to avoid the statute of limitations, we believe no precedent can be found for reversing a judgment in order to allow a plaintiff,, by amending his complaint, to recover for a cause of action not pleaded.
The remedy of plaintiff in such a case is by a new suit.
The action is in equity and costs are in the discretion of the court. As the evidence indicates that defendants profited largely by the plaintiff’s efforts, it would have been proper that the dismissal of the complaint should be without costs.
The judgment appealed from will be modified by striking out the costs and allowance granted against defendant, and, as thus modified, it is affirmed, without costs of appeal.
Barnard, P. J., and Dykman, J., concur.